Teresa H. Dooley
CASEY & BARNETT LLC
305 Broadway, Ste 1202
New York, NY 10007
(212) 286-0225
td@caseybarnett.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENDURANCE AMERICAN INSURANCE COMPANY, as subrogee of CRYSTAL COVE SEAFOOD CORP.<br><br>Plaintiff,<br><br>v.<br><br>MSC MEDITERRANEAN SHIPPING COMPANY S.A.<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff, Endurance American Insurance Company, as subrogee of Crystal Cove Seafood Corp., by and through its undersigned attorneys, complaining of the above-named Defendant, MSC Mediterranean Shipping Company S.A., alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1.  This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333, and/or 1367.

2.  The U.S. District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clause contained in one or more of the operative bills of lading, sea waybills, terms and conditions of service, and/or contracts of carriage for the

shipment at issue, pursuant to which MSC consented to the personal jurisdiction of this Honorable Court.

**PARTIES**

3. At and during all times hereinafter mentioned, Plaintiff, Endurance American Insurance Company ("Plaintiff"), was and now is a company organized and existing under the laws of the State of Delaware with an office and principal place of business at 4 Manhattanville Road Purchase, New York 10577, and was the insurer of the cargo that is the subject of this litigation.

4. At and during all times hereinafter mentioned, Plaintiff's insured, Crystal Cove Seafood Corp. ("Crystal Cove"), was and now is a corporation organized and existing by virtue of New York law with an office and principal place of business at 109 South Tyson Avenue, Flora Park, New York, and was the owner of the subject shipment. Pursuant to an insurance claim made under a policy then in full force and effect, and prior to the commencement of this action, Endurance paid Crystal Cove for the cargo loss at issue, and thereby became subrogated to all of Crystal Cove's rights, remedies, and causes of action with respect to the cargo, including the claims asserted against Defendant herein.

5. At and during all times hereinafter mentioned, Defendant, MSC Mediterranean Shipping Company S.A. ("Defendant" or "MSC") was and now is a business entity organized and existing under foreign law, with offices and places of business at 12-14 Chemin Rieu, 1208 Geneva, Switzerland, as well as 420 Fifth Avenue, 8th Floor, New York, NY 10018, engaged in business as a common carrier of goods for hire, issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels.

6. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of its insured, Crystal Cove, for its deductible interest, and on behalf of all parties who may be or

become interested in the subject Shipment as their respective interests may ultimately appear, and Plaintiff is duly entitled to maintain this action.

## FACTS

7. Plaintiff's claims against MSC concern damage to a shipment of seafood ("Seafood") that was to be transported from Dalian China to Chicago, Illinois ("Shipment") in September – October 2022.

8. MSC was engaged to transport the Shipment in exchange for certain freight charges and issued master waybill no. MEDUI257889 in connection therewith.

9. On or about September 16, 2022, the Seafood was tendered to MSC in good order and condition, and suitable in every respect for the intended transportation, which MSC received, accepted, and agreed to transport for certain consideration.

10. However, on or about October 27, 2022, the Seafood was delivered in damaged condition.

11. By reason of the premises, MSC failed to deliver the Seafood to destination in the same good order and condition as it was received; breached and violated its common law, contractual, and/or statutory duties and obligations as a common carrier and bailee of the Seafood; breached the contract(s) of carriage; was negligent and careless in the handling of the Seafood; and/or was otherwise at fault for the damage alleged herein.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

12. Plaintiff repeats and re-alleges paragraphs 1 through 11 as if set forth at length herein.

13. Pursuant to the contract of carriage entered between the parties, MSC owed contractual and/or statutory duties and obligations to safely and properly carry, bail, keep and care

for, protect, and deliver the Seafood in the same good order and condition as at the time MSC first accepted custody and control of the Seafood.

14. MSC breached and violated its contractual and/or statutory duties and obligations by failing to safely and properly carry, bail, keep and care for, protect, and deliver the Seafood in the same good order and condition as at the time MSC first accepted custody and control of the Seafood.

15. As a direct and proximate result of MSC's breach of its contractual and/or statutory duties and obligations, Plaintiff has suffered damages presently estimated to be no less than $65,340.00.

16. By reason of the premises, Plaintiff has sustained damages, which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $65,340.00.

## SECOND CAUSE OF ACTION
**(Breach of Bailment)**

17. Plaintiff repeats and re-alleges paragraphs 1 through 16 as if set forth at length herein.

18. MSC, together with the entities it hired to act on its behalf, were acting as bailees of the Shipment, and in their own capacity or through its contractors, agents, servants, or sub-bailees owed duties and obligations to Crystal Cove to safely and properly carry, bail, keep and care for, protect, and deliver the Seafood in the same good order and condition as at the time MSC first accepted custody and control of the Seafood.

19. MSC breached its duties and obligations as a bailee by failing to safely and properly carry, bail, keep and care for, protect, and deliver the Seafood in the same good order and condition as at the time MSC first accepted custody and control of the Seafood.

20. As a direct and proximate result of the breach of bailment by MSC, Plaintiff has suffered damages presently estimated to be no less than $65,340.00.

21. By reason of the premises, Plaintiff has sustained damages, which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $65,340.00.

## THIRD CAUSE OF ACTION
### (Negligence)

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if set forth at length herein.

23. MSC owed a duty to Crysal Cove to safely and properly carry, bail, keep and care for, protect, and deliver the Seafood in the same good order and condition as at the time MSC first accepted custody and control of the Seafood.

24. MSC breached its duty to safely and properly carry, bail, keep and care for, protect, and deliver the Seafood in the same good order and condition as at the time MSC first accepted custody and control of the Seafood, and therefore, was negligent.

25. As a direct and proximate result of the breach of duty and negligence by MSC, Plaintiff has suffered damages presently estimated to be no less than $65,340.00.

26. By reason of the premises, Plaintiff has sustained damages, which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $65,340.00.

WHEREFORE, Plaintiff prays:

(i) that process in due form of law according to the practice of this Honorable Court be issued against MSC, citing them to appear and answer the foregoing;

  (ii)  that judgment be entered against MSC in the amount of $65,340, together with costs, interest, and reasonable attorney's fees; and

  (iii)  for such further and other relief as the Court may deem just and proper under the circumstances.

Dated: October 11, 2023
   New York, New York

           CASEY & BARNETT LLC
           *Attorneys for Plaintiff*

           By: _____
              Teresa H. Dooley
           305 Broadway, Suite 1202
           New York, New York  10007